IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,
    Plaintiff

vs.

DAUPHIN COUNTY PRISON, *et al.*,
    Defendants

CIVIL NO. 1:CV-09-2118

(Judge Caldwell)

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, Purnell Nelson, a prisoner at the Dauphin County Prison (DCP), Harrisburg, Pennsylvania, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has also filed an application to proceed in forma pauperis. Named as defendants are the DCP, the Commonwealth of Pennsylvania, and DCP warden Dominick DeRose.

The Complaint is before the court for screening pursuant to 28 U.S.C. § 1915. The court will grant Nelson's request to proceed in forma pauperis and direct him to file an amended complaint identifying those prison and medical officials responsible for allegedly violating his Eighth and Fourteenth Amendment rights.

II. *Background*

The complaint alleges the following. At an undisclosed point in time, Nelson suffered the amputation of his right arm. He avers that his continued requests for a

prosthetic arm have been denied by an unidentified prison doctor who claims the prosthesis is "contraband" and that the prison does not have the funds to purchase one. After one of these physician encounters, the doctor called for a prison officer to remove Nelson from the area and issued him a disciplinary report claiming he was "disorderly." Plaintiff reports he was then "illegally detained in DCP confinement" as a result of the false disciplinary report. (*Id.*)

Nelson claims "DCP officials" have violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment in denying him a medically necessary prosthetic arm. He also claims they denied him due process when they failed to properly respond to his institutional grievances regarding the issue. Nelson alleges he has suffered physical and mental harm as a result of: the DCP officials' denial of a prosthetic arm as a means to accommodate his disability; the denial of proper medical care; and his receipt of a false disciplinary report. He seeks compensatory and punitive damages and an injunction which would "stop [the] violat[ion of his] constitutional rights."

III.    *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement, the court relies on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the

complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

IV.   *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).  Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action.  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988).  There is no respondeat superior liability in § 1983 actions, *Evancho*, 423 F.3d at 353, and a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations.  *Id.*

In this matter, two of the three named defendants, the DCP and the Commonwealth of Pennsylvania, are not "persons" amenable to suit under 42 U.S.C. § 1983.  A county prison does not have the legal capacity to be sued in its own name. *Birckbichler v. Butler County Prison*, No. 07-1655, 2009 WL 2986611 at *5 (W.D. Pa. Sept. 17, 2009)(collecting cases).[1]  Additionally, a state is not a person for a § 1983 claim.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).  Thus Nelson's § 1983 claims against the DCP and the Commonwealth of

---

[1] A proper defendant would be Dauphin County, but the County would not be liable under respondeat superior, only for a policy or custom that caused injury to Plaintiff.  *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007).

-4-

Pennsylvania will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim for relief which can be granted against either defendant.

Nelson's claim against Warden DeRose must also be dismissed because he makes no allegations against the warden. As noted, a civil rights claim must be based on personal involvement and cannot be based upon respondeat superior.

Although Nelson's Complaint fails to state a cause of action against the named defendants, it appears that the deficiencies may be remedied by amendment. Nelson may be able to name defendants who allegedly violated the Eighth Amendment by denying him a prosthetic right arm or defendants who allegedly violated the Fourteenth Amendment by issuing him a false misconduct. Thus, Nelson will be granted twenty-one days to file an amended complaint.

Nelson is advised that the court will require him to start over and file a completely new complaint, meaning that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file an appropriate amended complaint will result in the dismissal of this action.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 20, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-09-2118
    vs. :
: (Judge Caldwell)
DAUPHIN COUNTY PRISON, *et al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 20th day of November, 2009, upon review of the Complaint under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

    1. Nelson's motion to proceed in forma pauperis (Doc. 2) is granted.

    2. The claims against the Dauphin County Prison, the Commonwealth of Pennsylvania, and Warden DeRose are dismissed under to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

    3. Within twenty one (21) days of the date of this Order, Nelson may file an amended complaint identifying those responsible for allegedly violating his Eighth and Fourteenth Amendment rights by issuing him a false misconduct and denying him a prosthetic right arm.

    4. The Clerk of Court is directed to send Nelson two (2) copies of this court's form civil-rights complaint which Plaintiff should use in preparing his amended complaint.

    5. Failure to comply with this Order will result in the dismissal of this action.

                                             /s/William W. Caldwell
                                             William W. Caldwell
                                             United States District Judge